UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAURENCE BERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID MODELL,<br><br>    Defendant. | Case No. 15-cv-04895-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AS MOOT**<br><br>Re: Dkt. Nos. 5 & 7 |

Before the Court is pro se Plaintiff John Berman's ("Plaintiff") motion to remand this action to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Dkt. No. 5 ("MTR").  Plaintiff alleges that although he is a United States citizen who resides on the West Coast, he is a "stateless" wanderer without any citizenship for the purpose of diversity jurisdiction. He further alleges that there is an insufficient amount in controversy because he capped his request for damages below the threshold amount in his prayer.  Defendant David Modell ("Defendant") has filed an opposition, Dkt. No. 11 ("MTR Opp."), and a request for judicial notice, Dkt. No. 11-1 ("Def.'s RJN"), and Plaintiff has replied, Dkt. No. 14 ("MTR Reply").

Also before the Court is Defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Dkt. No. 7.  Plaintiff has filed an opposition, Dkt. No. 13, and a request for judicial notice, Dkt. No. 19, and Defendant has replied, Dkt. No. 18.

The Court has carefully considered the parties' arguments, both in their briefs and at oral argument.  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand on the basis that he validly capped his requested relief below the diversity jurisdictional threshold and **REMANDS** this entire action to state court.  Because there is no subject matter jurisdiction, the Court **DENIES** Defendant's motion to dismiss for lack of personal jurisdiction as **MOOT**.

**I.      REQUEST FOR JUDICIAL NOTICE**

The Court first considers Defendant's request for judicial notice of court documents that relate to this action and previous actions involving the parties. Filings in other courts are the proper subject of judicial notice when directly related to the case, but only for the existence of assertions made therein, not for the truth of the matters asserted. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted); *see also* Fed. R. Evid. 201(b). Because there is no basis to question the authenticity of the documents of which Defendant requests judicial notice, which are all federal and state orders and filings, Defendant's request is **GRANTED**.

**II.     BACKGROUND**

**A.     Factual Allegations**

This case arises from Plaintiff and Defendant's joint conservatorship of Plaintiff's mother. In 2010, a Maryland state court appointed Plaintiff as guardian of his mother's person after concerns arose that Plaintiff's brother was mistreating her. Dkt. No. 1, Ex. B ("Compl.") at 1-2. Defendant was appointed guardian and trustee of Plaintiff's mother's property. *Id.* Over several years, the parties had numerous disputes about Plaintiff's care of his mother, expenditures for which Plaintiff sought reimbursement from Defendant, and contact with Plaintiff's brother. *Id.*

**B.     Procedural History**

Plaintiff first filed suit against Defendant regarding these disputes in the United States District Court for the Eastern District of California. Def.'s RJN, Ex. A. Plaintiff asserted that diversity jurisdiction existed because he was a Nevada resident, Defendant was a Maryland resident, and more than $75,000 was at issue. *Id.*, Exs. A & I. The action was transferred to Maryland federal court, which dismissed the action with prejudice. *Id.*, Ex. B-H.

Before judgment was entered in the Maryland federal action, Plaintiff filed this case in California state court. Dkt. No. 1, Ex. A. The case was transferred to another county, where Plaintiff filed the amended complaint that is operative. *Id.* ¶ 2 & Ex. B. Defendant removed the action to this Court on the basis of diversity jurisdiction. *Id.* ¶¶ 6-7 & n.1.

Plaintiff now moves to remand the case. Plaintiff claims that diversity jurisdiction is improper because there is neither complete diversity nor a sufficient amount in controversy. With

2

1  respect to the parties' citizenship, Plaintiff concedes that Defendant is a Maryland citizen, but
2  contends that, despite his United States citizenship and residency within the territorial limits of the
3  country, he is a "stateless" person without any fixed domicile. Plaintiff further argues that he
4  seeks only $74,900 in damages and, therefore, there is an insufficient amount in controversy to
5  permit the exercise of diversity jurisdiction. Defendant responds that Plaintiff cannot now contest
6  that diversity jurisdiction exists in this action in light of the fact that he himself asserted there was
7  diversity jurisdiction in the prior Maryland federal action.

8      Defendant simultaneously moves to dismiss this case for lack of personal jurisdiction.
9  Alternatively, Defendant moves to dismiss the case for improper venue or transfer it to the
10 Maryland federal court, a venue the Eastern District of California previously found to be proper.

11 **III.   LEGAL STANDARD**

12     A defendant may remove a state-court action to federal court on the basis of diversity of
13 citizenship. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332. Diversity jurisdiction exists only
14 where there is: (1) complete diversity between the citizenship of the plaintiffs and the defendants;
15 and (2) a sufficient amount in controversy. 28 U.S.C. 1332(a). Where either of those elements of
16 diversity are lacking, federal courts must remand the action to the state court. *See id.* § 1447(c).
17 "The strong presumption against removal jurisdiction means that the defendant always has the
18 burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

19     Where district courts are considering a motion to remand at the same time as a motion to
20 dismiss for lack of personal jurisdiction, in most instances "expedition and sensitivity to state
21 courts' coequal stature should impel the federal court to dispose of [the remand] issue first."
22 *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999); *cf. id.* (holding that district court
23 did not abuse discretion in deciding personal jurisdiction before subject matter jurisdiction in case
24 involving a complex international dispute governed by international treaties and foreign law).

25 **IV.   DISCUSSION**

26     Plaintiff asserts that remand is required because there is neither complete diversity nor a
27 sufficient amount in controversy, both of which are required to sustain diversity jurisdiction. The
28 Court finds that Plaintiff properly exercised his discretion as a plaintiff to cap his recovery below

1    the jurisdictional threshold.  Accordingly, the Court must remand this action to the state court.

2            Defendant, as the party seeking to uphold removal, has the burden of proving that the

3    amount in controversy is satisfied.  *Gaus*, 980 F.2d at 566-67.[1]  Plaintiff argues that Defendant has

4    failed to meet his burden on removal of showing that diversity jurisdiction is proper because he

5    has expressly limited the amount of monetary damages he seeks in his prayer for relief to $74,900.

6    Compl. at 14 ("Plaintiff prays for judgment . . . such that the sum of general, special, actual,

7    statutory and punitive damages is no greater than $74,900).  Defendant responds that this request

8    was made in bad faith to avoid federal jurisdiction in light of the fact that Plaintiff took the

9    position in the other litigation that his claims, which were two less in number than they are now,

10   were worth over $75,000.  MTR Opp. at 6-7; Def.'s RJN, Ex. I at 14 (filing from the previous

11   federal action, in which Plaintiff asserted that "the [complaint] properly pleads actual and punitive

12   damages, such that a conservative and plausible 1.15 multiplier (applied to actual damages) to

13   estimate punitive damages would put the claims sum above the $75,000 jurisdictional limit[.]").

14           As the Supreme Court recently made clear, Plaintiff is correct that he may validly avoid

15   federal diversity jurisdiction by pleading under the jurisdictional threshold in a state court action.

16   "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of

17   suing for less than the jurisdictional amount, and though he would be justly entitled to more, the

18   defendant cannot remove."  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013)

19   (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 284 (1938)).  Plaintiff has

20   stipulated to a maximum of $74,900 as to any award of damages at trial both in his complaint and

21   at oral argument.  Compl. ¶ 2; Dkt. No. 20 (Plaintiff stipulated at oral argument that he would not

22   seek more than $74,900 in state court).  This stipulation establishes that Plaintiff's recovery for all

23   damages will be less than the jurisdictional minimum.  *See Knowles*, 133 S. Ct. at 1348 (pleading

---

[1] There is a dispute among district courts in this circuit about whether a party seeking to uphold removal of a case involving an individual plaintiff who has affirmatively pled less than the jurisdictional minimum must prove that the amount-in-controversy requirement has been met by a "preponderance of the evidence" or "legal certainty" standard.  *Graybill v. Khudaverdian*, No. SACV 15-01627, 2015 WL 7295378, at *3 (C.D. Cal. Nov. 17, 2015) (recognizing split); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 n.3 (9th Cir. 2007) (explicitly leaving this question open).  Because the Court concludes that Defendant has not met his burden under either standard, it need not reach the issue of which standard controls.

1  stipulation setting maximum recovery is binding on amount in controversy).

2  That does not immediately end the inquiry, however.  Plaintiff also seeks declaratory and
3  injunctive relief, Compl. at 14, and those claims are also included in the amount in controversy
4  calculation, *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002).  To determine the value of these
5  non-monetary claims, the Court applies the "either viewpoint" rule.  "Under the 'either viewpoint'
6  rule," which applies in single plaintiff cases, "the test of determining the amount in controversy is
7  the pecuniary result to either party which the judgment would directly produce."  *In re Ford Motor*
8  *Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  Defendant can therefore
9  avoid remand if he can prove that Plaintiff's declaratory and injunctive relief claims are worth
10 more than $100.00 to Plaintiff or would cost Defendant more than $100.00.

11 Defendant has failed to meet this burden.  The complaint requests only "all declaratory and
12 injunctive relief as appropriate," Compl. at 14, and Defendant has not shown how any such relief
13 could possibly have any value in this case.  Plaintiff does not allege that Defendant's conduct is
14 ongoing in any way, and there is no need to declare the rights of the parties.  Accordingly, the
15 Court finds that from the viewpoint of either Plaintiff or Defendant, the declaratory and equitable
16 relief sought is worth nothing.  Accordingly, remand is appropriate for lack of subject matter
17 jurisdiction.

18 **V.    CONCLUSION**

19 For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and
20 **REMANDS** this entire action to the state court.  As a stipulated condition of remand, Plaintiff
21 may not seek more than $74,900 in total relief in the state court.  The Court **DENIES WITHOUT**
22 **PREJUDICE** Defendant's motion to dismiss for lack of personal jurisdiction as **MOOT**.  The
23 Clerk of the Court is instructed to close the file and remand this case to the state court forthwith.

24 **IT IS SO ORDERED.**

25 Dated: April 29, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

5